UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

Charles Cousin

Case No 2:24-CV-10582

Judge: Matthew Leitman

-vs-

Madison Heights Police Department

Amended Complaint

2. Plaintiff's § 1983 claim against Defendant Karl Randolph, Defendant Shane Bissonette, Defendant Justin Hartman, Defendant Stephen Workman, Defendant Kyle Shock, Defendant, Defendant David Koeler, Defendant Defendant Jeffery Filzek, Defendant Jordan RIECK, Defendant Edgar MIRANDA, Michael WING rests with the Fourth Amendment right to be free from the use of excessive force, free from illegal search and seizure and free from malicious prosecution.

Subject: Formal Complaint And Jury Request

## TO WHOM IT MAY CONCERN

I am writing to formally register a complaint concerning a series of incidents that transpired on September 1, 2022, involving myself, Charles Cousin, and officers of the Madison Heights Police Department. The circumstances surrounding my arrest, alleged statements made during the arrest, and subsequent events have prompted this formal complaint based on perceived violations of Michigan law. On the aforementioned date, my girlfriend and I visited Dunham's Sporting Store because she wanted to purchase a shotgun, a lawful activity for which she was unjustly denied. Following the denial, a series of events unfolded, culminating in my arrest and subsequent incarceration and loss of employment. This incident was captured on body camera. Plaintiff will provide a USB to the Court with the body camera footage that will speak for itself and hereby incorporates aid video footage as part of this complaint.

*Unjust Arrest and False Statements:*

On September 1, 2022, I was subjected to an unjust arrest by officers of the Madison Heights Police Department. The arrest was based on an alleged confession to "shooting the police," a statement I vehemently deny making, as it is a complete fabrication. The false claim of a confession forms the basis for my request for an investigation into potential violations of Michigan law, including but not limited to:

I. Michigan Compiled Laws (MCL) § 750.479b - False Report of Terrorism
II. MCL § 750.479c - False Report of Terrorism; Violations; Penalties

### Excessive Use of Force and Inadequate Medical Care:

During the arrest, officers applied excessively tight handcuffs, resulting in visible scars on my wrists and neck, which may constitute a potential violation of my constitutional rights against cruel and unusual punishment. Additionally, while in police custody, I sustained injuries from broken glass in the holding cell, resulting in a substantial gash in my arm that required medical attention . The incidents raise concerns regarding the duty of care owed to individuals in police custody and potential violations of:

I. 42 U.S.C. § 1983 - Civil action for deprivation of rights
II. MCL § 750.81 - Assault and battery; Penalties
III. MCL § 750.81a - Torture; Penalty

### Denial of Due Process and Unlawful Detention:

I assert that the denial of my ability to contact my employer, resulting in the loss of employment, was unjust and prejudicial. The subsequent charges of misdemeanor assault and obstruction of police property were unfounded and further contributed to an unjust detention. Concerns are raised regarding potential violations of my rights to due process under the law, referencing:

I. 42 U.S.C. § 1983 - Civil action for deprivation of rights
II. MCL § 750.81 - Assault and battery; Penalties
III. MCL § 750.535 - Obstruction of justice; Penalties

### Malicious Prosecution:

The people involved have intentionally violated my civil rights through malicious and wanton disregard for my Fourth Amendment rights. Defendants maliciously and without probable cause initiated a criminal prosecution against me in violation of my constitutional rights. Charges against me were overturned due to Constitutional violations, highlighting the lack of merit in the accusations. False statements made by officers, including allegations of resisting arrest and making threats, were proven to be baseless. The charges against me were terminated in my favor, establishing the absence of any criminal wrongdoing on my part. The false accusations and charges have caused significant harm, including loss of reputation, emotional distress, and financial burdens. The incidents give rise to claims of malicious prosecution under:

I. 42 U.S.C. § 1983 - Civil action for deprivation of rights
II. MCL § 600.2907 - Malicious prosecution; Elements of action; Limitations period

I am formally requesting that the Madison Heights Police Department conduct a comprehensive investigation into the aforementioned matters. I anticipate that the review will encompass both the actions of the involved officers and the policies in place that may have contributed to the alleged violations. Should the investigation substantiate any misconduct or negligence, I expect that appropriate disciplinary measures will be taken against the responsible parties in accordance with the law. Failure to address these concerns in a timely and equitable manner may necessitate further legal action.

DEMAND FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment finding and awarding as follows:

a. For an Order adjudging the practices and conduct of Defendants complained of herein to be in violation of the rights guaranteed to Plaintiff under the U.S. Constitution, Federal law, and State law;

b. For an award to Plaintiff against Defendants, jointly and severally, all relief available under 42 U.S.C. § 1983 to be determined at trial, with interest on such amounts.

c. For an award to Plaintiff of actual damages, including those arising from loss of past and future income and benefits, humiliation, mental anguish, loss of reputation, emotional distress, punitive damages and other harm, in an amount in excess of $1,500,000. against Defendants

Respectfully,

Charles Cousin

_____