UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES COUSIN,

                Plaintiff,                    Case No. 2:24-cv-10582

v.                                     Honorable Susan K. DeClercq
                                     United States District Judge
MADISON HEIGHTS POLICE DEPARTMENT,

                Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

This matter is before this Court based on Defendant's motion to set aside the clerk's entry of default. As explained below, the motion is granted.

## I. BACKGROUND

On March 7, 2024, Plaintiff Charles Cousin filed a complaint against Defendant "Madison Heights Police Department" alleging violations of 42 U.S.C. § 1983 and Michigan law by several Madison Heights police officers relating to the arrest of Plaintiff in 2022. Compl., ECF No. 1. Plaintiff was allowed to proceed without prepaying fees or costs, and the United States Marshal Service was directed to serve the defendant. ECF Nos. 5–6. On April 8, 2024, the summons and complaint were received by the Madison Heights Police Department via certified mail, making its answer due on April 29. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On April 30, when no answer was filed, Plaintiff requested and received a clerk's entry of default.

Defendant now seeks to set aside the default, stating that its failure to file a timely answer was due to a calendaring error by assigned counsel. *See* ECF No. 21 at PageID.72.

## II. ANALYSIS

Civil Rule 55(c) permits this Court to set aside entry of default "for good cause shown," *Raimondo v. Vill. of Armada*, 197 F. Supp. 2d 833, 836 (E.D. Mich. 2002), based on three factors: "(1) Whether the plaintiff will be prejudiced; (2) Whether the defendant has a meritorious defense; and (3) Whether culpable conduct of the defendant led to the default." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 192 (6th Cir. 1986).

In this case, there has been no prejudice to Plaintiff, as the delay in answering was only one week: from April 29 to May 6. In addition, Defendant's brief sets forth the basis of a "meritorious defense" arguing that the "Madison Heights Police Department" is not a legal entity or proper defendant in a § 1983 suit; rather, it is only an agency of the City of Madison Heights. *See Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007); *see also United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 326 (6th Cir. 2010) (holding that, in the context of setting aside a default, a meritorious defense, "if sustained, would change the outcome") Finally, Defendant's conduct in miscalculating or miscalendaring the answer deadline was negligent at most—certainly not "an intent to thwart judicial proceedings or a

reckless disregard for the effect of its conduct" on this case. *Shepard*, 796 F.2d at 194. Therefore, this Court finds that good cause exists to set aside the default entered on April 30, 2024.

"[T]he thrust of Rule 15 is to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Victor v. Reynolds*, 582 F. Supp. 3d 516, 520 (E.D. Mich. 2022) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (per curiam) (alteration in original)). Here, it's clear that both parties have more to say about the merits of this case. *See* ECF No. 12 (denying without prejudice Plaintiff's motion for leave to amend complaint); ECF No. 22 (striking Defendant's answer to complaint). Accordingly, to honor the purpose of Rule 15, Plaintiff will be granted leave to amend his complaint, and Defendant will be granted leave to answer it. *See* FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

### III.    CONCLUSION

Accordingly, it is **ORDERED** that Defendant's Motion to Set Aside Clerks Entry of Default, ECF No. 21, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff is **GRANTED** leave to amend his complaint **on or before July 5, 2024**.

Further, it is **ORDERED** that Defendant is **DIRECTED** to respond to the later filed of Plaintiff's Complaint or Plaintiff's Amended Complaint **on or before July 22, 2024**.

s/ Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: 6/20/2024