UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES COUSIN,

      Plaintiff,

v.

MADISON HEIGHTS POLICE
DEPARTMENT, KARL
RANDOLPH, SHANE
BISSONETTE, JUSTIN
HARTMAN, STEPHEN
WORKMAN, KYLE SHOCK,
DAVID KOELER, JEFFREY
FILZEK, JORDAN RIECK,
EDGAR MIRANDA, MICHAEL
WING, and THE CITY OF
MADISON HEIGHTS,

      Defendants.

Case No. 2:24-cv-10582
District Judge Susan K. DeClercq
Magistrate Judge Kimberly G. Altman

_____/

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (ECF No. 64)**[1]

I.    Introduction

This is a civil rights case.  Plaintiff Charles Cousin, proceeding *pro se*, is

suing the above-named defendants following his arrest and prosecution.  The

amended complaint asserts claims for unlawful arrest, excessive force, denial of

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

due process, and malicious prosecution. (ECF No. 28). Under 28 U.S.C. § 636(b)(1), all pretrial matters have been referred to the undersigned. (ECF No. 45).

Before the Court is Cousin's motion to compel.[2] (ECF No. 64). Defendants have responded (ECF No. 67) and the time for Cousin to reply has passed. For the reasons discussed below, this motion will be DENIED.

## II. Background

This case arises out of Cousin's arrest on September 1, 2022, following a dispute at the Dunham's Sporting Goods Store in Madison Heights, Michigan. (ECF No. 28, PageID.124). In Cousin's amended complaint, he alleges that "the arrest was predicated on a fabricated confession by Officer Edgar Miranda claiming that Plaintiff admitted that he had just 'shot the police,' which [Cousin] vehemently denies making." (*Id.*, PageID.125). "Instead of conducting a comprehensive investigation, officers proceeded with the arrest and incarcerated [Cousin] in Oakland County Jail." (*Id.*).

Cousin brings claims of unjust arrest and false statements, excessive use of force and inadequate medical care, denial of due process and unlawful detention, and malicious prosecution. (*Id.*, PageID.125-126). Under the scheduling order,

---

[2] Also pending is defendants' motion for summary judgment (ECF No. 62) which will be the subject of a future Report and Recommendation.

2

discovery closed on August 7, 2025, and dispositive motions were due by September 7, 2025.  (ECF No. 48).  On September 8, 2025, Cousin filed the present motion to compel.  (ECF No. 64).

### III.    Legal Standard

The scope of discovery permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  The scope, however, may be "limited by court order," *id.*, meaning it is within the sound discretion of the Court.  *See State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 704 (E.D. Mich. 2017) (internal citation omitted) ("Further, a court has broad discretion over discovery matters . . . and in deciding discovery disputes, a magistrate judge is entitled to that same broad discretion, and an order of the same is overruled only if the district court finds an abuse of discretion.").  Moreover, discovery is more liberal than even the trial setting, as Rule 26(b) allows discovery of information that "need not be admissible in evidence."  Fed. R. Civ. P. 26(b)(1).

A party may serve on another party written interrogatories and requests for production of documents.  Fed. R. Civ. P. 33, 34.  "A party seeking discovery may

3

move for an order compelling an answer, designation, production, or inspection. This motion may be made if… (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection –as requested under Rule 34." Fed. R. Civ. Pro. 37(a)(3)(B)(iii)-(iv). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(4). Rules 33(b)(4) and 34(b)(2) provide that a party has 30 days in which to file written objections to interrogatories and requests for production of documents. Fed. R. Civ. P. 33(b)(4), 34(b)(2). Pursuant to these rules, any objection "which is not timely stated is waived."

If a party believes that another party is not complying with proper discovery requests, then it may file a motion to compel. Motions to compel are governed by Federal Rule of Civil Procedure 37(a)(3)(B), which states, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection."

As the Court has said before, although Cousin is proceeding *pro se*, he is still required to follow the Federal Rules of Civil Procedure and the local rules of this district, in particular as to discovery and motion practice. *See Sandweiss L. Ctr., P.C. v. Bunting*, No. 207-CV-10099-DT, 2007 WL 1084565, at *1 (E.D. Mich. Apr. 11, 2007).

## IV.   Discussion

In his motion, Cousin requests the Court to compel defendants to provide full and complete answers to his Interrogatories and Requests for Production (RFPs), and order defendants to "[a]ppear for video deposition at a date and time to be set by the Court." (ECF No. 64, PageID.506).  Cousin says that he served interrogatories and RFPs on defendants on July 24, 2025, but that defendants responded by objecting to every question asked.  (*Id.*, PageID.505).  Cousin asserts that these objections were unsupported and that the information sought was relevant.  (*Id.*).  He also says that he repeatedly requested that defendants appear for video depositions, "as permitted under Michigan Court Rule 2.315," but that defendants ignored his requests.  (*Id.*, PageID.506).

In response, defendants argue that they objected to each request with finite, specific objections, and that most of the requests were not relevant or proportional to the needs of the case, not posed for any permissible purpose under the Federal Rules of Evidence, or propounded for the sole purpose of harassing, annoying, inconveniencing, and causing undue burden and expense.  (ECF No. 67, PageID.606-607).  As for the depositions, defendants say that at no point before the close of discovery did Cousin properly notice their depositions.[3]  (*Id.*,

---

[3] Defendants also point out that Cousin failed to comply with the Local Rules and the Federal Rules of Civil Procedure by failing to seek concurrence before filing the present motion.  *See* Fed. R. Civ. P.. 37(a)(1); E.D. Mich. LR 7.1(a).

PageID.607).

### A.      Interrogatories and RFPs

Cousin did not attach his discovery requests—which consist of 18 interrogatories and 20 RFPs—to his motion, but defendants have provided the requests and their answers.  *See* ECF No. 67-1.  Cousin also does not make specific arguments regarding defendants' objections, instead arguing generally that all the objections were not supported by any privilege, undue burden, or "other valid basis under the Federal Rules."  (ECF No. 64, PageID.506).

In his requests, Cousin asked for an extremely broad range of information, including information on each individual officer such as hiring date, rank and position, years of experience, and training, as well as all personnel files, training records, disciplinary records, and performance evaluations; all policies, procedures, protocols, training materials, and manuals on seven areas ranging from the use of force to supervision of officers; information on each use of force incident each officer was involved in over the past five years; details of the events giving rise to the litigation and witness details; descriptions of all audio and video recording equipment available during the incident; all complaints filed against each officer over the last five years; all communications between defendants regarding the incident; all equipment carried by each defendant officer during the incident; and a litany of other things.  *See* ECF No. 67-1.  His interrogatories also include

6

questions like, "describe all damages you contend plaintiff is not entitled to recover and the basis for your contention," or "identify all expert witnesses you intend to call at trial." (*Id.*, PageID.648-650).

Defendants responded by providing some of the requested information, and by specifically stating their objections to the remainder of the requests. This is all that is required under the rules. *See* Fed. R. Civ. P. 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). Defendants object to each request for various reasons, each specific to the request, including relevancy and proportionality, work product privilege, or due to the request being vague or exceeding the scope of permissible discovery. *See Solek v. K&B Transportation, Inc.*, No. 21-10442, 2022 WL 2975287, at *3 (E.D. Mich. July 27, 2022) ("The objections vary by each request, specific enough to explain Defendants' opposition to the request."). In their response, they also argue that the officers' personnel files and training files are not relevant to Cousin's claims, that Cousin has not filed a *Monell* claim and therefore much of what he seeks is irrelevant, that information related to prior complaints and disciplinary actions are barred by the Federal Rules of Evidence, and the requested information is

privileged.  *See* ECF No. 67.

Cousin does not assert that any specific objection was improper; rather, he asserts generally in his three-page motion that none of their objections were proper, essentially asking that the Court comb through the defendants' objections to determine which are sufficient and which are not.  This the Court will not do. None of defendants' objections appear to be, on their face, improper, and Cousin has not provided any specific arguments to the contrary.  In fact, the objections to each request are detailed, each laying out the specific basis for objection.  Cousin's request to compel answers to his interrogatories and RFPs is therefore denied.

### B.    Depositions

Cousin also asks the Court to compel defendants to appear for video depositions as permitted under Michigan Court Rule 2.315.  Defendants say that Cousin never properly noticed any depositions, either before or after the close of discovery.  (ECF No. 67, PageID.608).

Under Fed R. Civ. P. 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)."  "A party who wants to depose a person by oral questions must give reasonable written notice to every other party.  The notice must state the time and place of the deposition and, if known, the deponent's name and address."  Fed. R. Civ. P. 30(b)(1).  Cousin says in his motion that he "repeatedly requested that

Defendants appear for video depositions" and that "Defendants have ignored [his] repeated requests for video deposition," but he does not attach any deposition notices or say that he properly noticed the depositions and defendants failed to appear. Cousin also did not file a reply to respond to defendants' assertion that he did not properly notice the depositions before the close of discovery. Therefore, as it does not appear that Cousin properly noticed the defendants' depositions, his request to compel the depositions is denied. *See Davis-Hussung v. Lewis*, No. 14-14964, 2015 WL 5546995, at *1 (E.D. Mich. Aug. 31, 2015) ("A motion to compel is not timely until a discovery request has been tendered in accordance with [the federal rules] and that request either (1) has not been responded to despite the passing of the deadline for response; or (2) responded to in a way that leads the requesting party to believe the response is insufficient.").

<h2 style="text-align:center">V. Conclusion</h2>

For the reasons discussed above, Cousin's motion to compel (ECF No. 64) is DENIED.

SO ORDERED.

Dated: April 14, 2026                       s/Kimberly G. Altman
Detroit, Michigan                          KIMBERLY G. ALTMAN
                                           United States Magistrate Judge