UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES COUSIN,

Plaintiff,

v.

MADISON HEIGHTS POLICE, DEPARTMENT, et al.,

Defendants.
_______________________________/

Case No. 2:24-cv-10582

Honorable Susan K. DeClercq
United States District Judge

Honorable Kimberly G. Altman
United States Magistrate Judge

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 77), ADOPTING REPORT AND RECOMMENDATION (ECF No. 76), AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 62)**

This matter is presently before this Court on Plaintiff Charles Cousin's objections to the Magistrate Judge's report recommending that this Court grant Defendants' motion for summary judgment. As explained below, Cousin's objections will be overruled, the report and recommendation (R&R) will be adopted, Defendants' motion for summary judgment will be granted, and this case will be dismissed.

## I. BACKGROUND

In this civil rights case, Cousin, proceeding *pro se*, is suing the City of Madison Heights, the Madison Heights Police Department (MHPD), and 10 MHPD officers under 42 U.S.C. § 1983, for alleged constitutional violations during an

arrest, incarceration, and prosecution. ECF No. 28 at PageID.124. Cousin alleges that when a sporting goods store would not sell his girlfriend a shotgun, "a series of events unfolded," and Cousin was arrested by MHPD officers with excessive force. *Id.* at PageID.124–25. Cousin further alleges that his arrest was premised on false statements by another officer, and that once he was in custody, he was unlawfully restrained and did not receive adequate medical care for injuries to his arm from broken glass. *Id.* at PageID.125. In his amended complaint, Cousin asserts (1) false arrest, (2) excessive force, (3) deliberate indifferent to medical needs, (4) due process violations, and (5) malicious prosecution. *Id.* at PageID.125–26.

The case was referred to Magistrate Judge Kimberly G. Altman for all pretrial proceedings. ECF No. 45. In September 2025, Defendants moved for summary judgment. ECF No. 62. Defendants argued that the evidence showed different circumstances than what Cousin alleged: Cousin—who was ineligible for gun ownership—tried to use his girlfriend as a "straw purchaser" to get a gun, but when the sales associate refused, Cousin got into an altercation with him. *Id.* at PageID.322–24. Police arrived and arrested Cousin for assault. *Id.* at PageID.325–26. While in custody, Cousin destroyed a glass wall in his holding cell and then used a shard to cut his wrist. *Id.* at PageID.326–27. He was transported to the hospital for treatment, and based on his comments during treatment about "bashing his head against the wall" if he were back in jail, Defendants placed him in a restraint chair

that night. *Id.* at PageID.327. He was later charged with assault and property destruction. *Id.* The criminal case was later dismissed without prejudice. *Id.*

In light of the video and other evidence, Defendants argued that Cousin had not asserted valid claims against the city or officers, the officers were entitled to qualified immunity, and the MHPD could not be sued under § 1983. *Id.* at PageID.328–45. Cousin responded in opposition, ECF No. 68, and Defendants replied, ECF No. 69.

On April 23, 2026, Judge Altman issued a report recommending that this Court grant Defendants' motion for summary judgment. ECF No. 76. Specifically, Judge Altman found that the MHPD could not be sued under § 1983 and there was no genuine dispute of fact that the officers had probable cause to arrest Cousin for assault based on what the sales associate stated after officers arrived. *Id.* at PageID.727–30. Judge Altman also found that the video evidence showed no dispute about excessive force or deliberate indifference where officers loosened Cousin's handcuffs within two minutes of his complaint, immediately addressed his medical needs, and used reasonable force to detain him while he was resisting arrest. *Id.* at PageID.733–35, 738–39.

Judge Altman further found no dispute of fact that restraining Cousin was reasonable in response to his comments about self-harm. *Id.* at PageID.736–37. As to due process, Judge Altman found that Cousin did not identify any specific

procedural defects in his detention, and, as previously found, his arrest was lawfully premised on probable cause. *Id.* at PageID.740. Given the probable-cause finding and the fact that Cousin admitted he destroyed the glass wall, Judge Altman also found that summary judgment on the malicious-prosecution claim was warranted. *Id.* at PageID.741. Because there was no genuine issue of fact regarding the constitutional claims, Judge Altman found that the Defendant officers were also entitled to qualified immunity and the claims against the city were improper. *Id.* at PageID.743–44. Judge Altman gave the Parties 14 days to object. *Id.* at PageID.745. On May 4, 2026, Cousin filed six objections and other grievances. ECF No. 77. Defendants responded, ECF No. 78, and Cousin replied, ECF No. 79.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of the report to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *see also Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what

it reviewed. *See Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. DISCUSSION

This Court has reviewed Cousin's amended complaint, ECF No. 28; Defendants' motion for summary judgment, ECF No. 62; Judge Altman's R&R, ECF No. 76; Cousin's objections, ECF No. 77; Defendants' response and Cousin's reply, ECF Nos. 78; 79; and all other applicable filings and law. Having conducted *de novo* review, this Court finds that Judge Altman's factual conclusions and findings are correct, that she reasonably applied the correct law, and her legal reasoning is sound. Each objection will be addressed in turn.

### A. Objection 1: R&R Factual Background

In his first objection, Cousin argues that Judge Altman misrepresented the facts about the police going to the sporting goods store for an "assault call" when the alleged assault occurred after police were already en route. ECF No. 77 at PageID.748. Cousin claims this was "a foundational falsehood that colors the entire legal analysis of probable cause" and prejudices him. *Id.* Defendants respond that Cousin misrepresents the R&R. ECF No. 78 at PageID.759–60.

The R&R provides that the sales associate *first* "asked Cousin and [his girlfriend] to leave the store and called the police," *then* details the altercation that ensued. ECF No. 76 at PageID.721–23. The R&R also makes clear the MHPD were

dispatched "after [the sales associate's] call," which, again, occurred before the events that culminated in an assault charge. *Id.* at PageID.722. Thus, Cousin's objection is premised on a mischaracterization of the R&R and will be overruled.[1]

**B. Objection 2: Jurisdiction**

Next, Cousin argues that Judge Altman "failed to address the threshold issue of jurisdiction," which, he claims, was precluded Defendants from detaining him because investigations into "straw purchases" of firearms are under the exclusive jurisdiction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives. ECF No. 77 at PageID.748–49. Defendants respond that the objection improperly raises a new, baseless claim. ECF No. 78 at PageID.760–61.

Cousin cannot raise a new legal argument on the merits in an objection to a magistrate judge's R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Also, this argument is unavailing because neither the R&R nor the record establishes that Defendants detained Cousin to investigate a "straw purchase." Instead, they responded to and investigated a customer dispute that had evolved into an assault by the time officers arrived, all of which is under the MHPD's jurisdiction.

---

[1] Cousin also appears to misconstrue when probable cause is required. Officers required probable cause to detain and arrest Cousin, not to respond to a call. Therefore, the fact that police came in response to a call that occurred *before* the assault has no bearing on whether there was probable cause to arrest Cousin *for* the assault.

*See* MICH. COMP. LAWS §§ 750.170, 750.81, 117.34. This objection will be overruled.

**C. Objection 3: "Exposing Defense Perjury"**

In his third objection, Cousin takes issue with representations that Defendants made about why the criminal case against him was later dismissed. ECF No. 77 at PageID.749. Cousin argues this amounts to perjury and should warrant rejection of the R&R. *Id.* But here, Cousin improperly attempts to rehash an argument already presented and addressed by the court. *See* ECF Nos. 68 at PageID.658, 661–62 (alleging the same "false claims" argument); 76 at PageID.725, 741 (finding that the case was dismissed without prejudice, which did not constitute a favorable resolution for Cousin's malicious prosecution claim); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (stating that R&R objections that merely restate arguments already presented in the brief are not sufficient or appropriate). Therefore, this objection will be overruled.

**D. Objection 4: "Fraudulent Valuation"**

Cousin argues that the R&R's analysis of the property-destruction charge "is based on a fraudulent valuation provided by the Defendants." ECF No. 77 at PageID.749. But Cousin fails to identify how the R&R relied on the allegedly fraudulent valuation and, if it had, how this would impact any of Judge Altman's findings, reasoning, or conclusions. *See Pauley v. United Operating Co.*, 606 F.

Supp. 520, 523 (E.D. Mich. 1985) (overruling an objection because "the Court is not satisfied that this objection should alter the Magistrate's recommendation in any way"); *see also Nelson v. Wilson*, No. 2:19-cv-9, 2022 WL 443615, at *1 (W.D. Mich. Feb. 14, 2022) (overruling objections in part because most of the "objections, if upheld, would not alter the Magistrate Judge's ultimate recommendation."). This objection will be overruled accordingly.

**E. Objection 5: Qualified Immunity**

Next, Cousin alleges that "[t]he R&R relies heavily on Qualified Immunity" but argues that the excessive force determination was based on improper facts and reasoning. ECF No. 77 at PageID.750. He mentions a false statement about "shooting police" as an unconstitutional justification for "slamming [him] into concrete," and he adds that the handcuffing and restraint chair were also unconstitutional. *Id.* He adds that Judge Altman was required to accept his version of the facts and that she failed to balance the need for force against the extent of the psychological injuries to Cousin. *Id.* Defendants argue that Judge Altman did not err because she relied on the objective video evidence to make her factual findings. ECF No. 78 at PageID.766.

An objection is improper if it disputes only the general correctness of the R&R. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). Furthermore, an objection must specify the particular defects of the magistrate judge's R&R rather

than merely "disagree" with the determination. *Lewis v. Sole Law, PLLC*, 652 F. Supp. 3d 886, 891 (E.D. Mich. 2023) ("An 'objection' is not valid if it merely disagrees with a magistrate judge's determination 'without explaining the source of the error.'") (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Here, Cousin's objection misconstrues the summary judgment standard. The court is not required to adopt a non-moving party's version of facts, but rather, views the facts "in a light most favorable to the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). And when there is objective video evidence that blatantly contradicts the non-moving party's version, "so that no reasonable jury could believe it, a court should not adopt that version of the facts." *Scott v. Harris*, 550 U.S. 372, 380 (1972). Thus, the R&R properly relied on the objective video evidence to determine the nature of the "shooting police" statement. ECF No. 76 at PageID.723 (noting that the officer initially misheard the statement); *id.* at PageID.730 n.4 (stating that the court extensively reviewed the video and found that whatever was said was not relevant to the issues before the court).

Cousin also appears to disagree with Judge Altman's determinations about use of force by claiming she failed to balance the use of force against potential injury—the core of the objective reasonableness standard. But the R&R did conduct this balancing test when it relied on video evidence to find that the use of force was

objectively reasonable in light of Cousin's visible resistance. *See* ECF No. 76 at PageID.732–35. And merely disagreeing with the R&R without identifying specific errors in its reasoning is not a proper objection. *See Miller*, 50 F.3d at 380; *see also Lewis v. Sole Law, PLLC*, 625 F. Supp. 3d 886, 891 (E.D. Mich. 2023) ("An 'objection' is not valid if it merely disagrees with a magistrate judge's determination 'without explaining the source of the error.'") (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Therefore, this objection is overruled.

**F. Objection 6: Biometric Data Retention**

Cousin argues for the first time that Defendants are violating his privacy and statutory rights by retaining his biometric data. ECF No. 77 at PageID.750. Because this has nothing to do with the R&R and is being raised for the first time, it will be overruled. *See Murr*, 200 F.3d at 902 n. 1.

**G. General Objection to "Magistrate's Bias and Denial of Access"**

Lastly, Cousin generally objects to Judge Altman's prior decision on one of his motions seeking free PACER access. ECF No. 77 at PageID.751 (referring to ECF Nos. 56 and 58). He argues that this "combined with the R&R's selective omission of [his] evidence, demonstrates a lack of neutrality required by the **Due Process Clause**." *Id*. (emphasis in original). But Cousin cannot challenge a prior denial of a motion as an objection to an R&R on a different motion. *See Bell v.*

*Brown*, No. 1:18-CV-522, 2019 WL 181028, at *2 (W.D. Mich. Jan. 14, 2019) (overruling an objection "not properly before the Court as [the p]laintiff seeks to relitigate a prior ruling . . . rather than any decision of the magistrate judge contained within the R&R"). Nor do unfavorable rulings establish impropriety in the absence of other evidence. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.""). Therefore, this objection is without merit and will be overruled.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report and Recommendation, ECF No. 77, are **OVERRULED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 76, is **ADOPTED**.

Further, it is **ORDERED** that the Defendants' Motion for Summary Judgment, ECF No. 62, is **GRANTED**.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 25, 2026